U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAKE CHARLES

DEC 15 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| TONYA HOFFPAUIR | : | DOCKET NO. 06-1939 |
| VS. | : | JUDGE MINALDI |
| AETNA LIFE INSURANCE COMPANY | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Before the Court is a Motion to Admit Deposition Testimony or in the Alternative to Remand the Case to the Administrator, filed by the defendant Aetna Life Insurance Company (hereinafter "Aetna") [doc. 39]. The plaintiff, Tonya Hoffpauir, filed an Opposition [doc. 40].

The background facts and procedural history of this case, an action filed pursuant to the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), are detailed at length in this Court's November 20, 2007 Memorandum Ruling [doc. 12]. Aetna seeks to submit the deposition testimony of Carol Roy, appeals specialist for Aetna, in response to this Court's determination that the administrative record was unclear as to "whether Aetna denied Hoffpauir's benefits because Aetna's second reviewing physician later determined that fibromyalgia is not a clinical disease or that Hoffpauir must prove objectively that she has fibromyalgia, both of which are improper grounds for a termination of benefits."

When applying the abuse of discretion standard, which this Court has ruled applies here,[1] the court is limited to the evidence in the administrative record at the time the determination was

---

[1] Mem. Ruling (Nov. 20, 2007) [doc. 12], at 7.

1

made. *Gooden v. Provident Life & Accident Ins.*, 250 F.3d 329, 333 (5th Cir. 2001). Moreover, "[a] long line of Fifth Circuit cases stands for the proposition that, when assessing factual questions, the district court is constrained to the evidence before the plan administrator." *Vega v. Nat'l Life Ins. Servs., Inc.*, 188 F.3d 287, 299 (5th Cir. 1999) (noting, however, that "evidence related to how an administrator has interpreted terms of the plan in other instances is admissible"). The Fifth Circuit has carved out limited exceptions under which evidence outside of the administrative record is admissible:

> Our well-established criteria for evaluating a benefit determination under an abuse of discretion standard makes it obvious that some evidence other than that contained in the administrative record may be relevant at both steps of this process of judicial review. Determining whether the administrator has given a uniform construction to a plan may require a court to evaluate evidence of benefit determinations other than the one under scrutiny.
>
> If a reviewing court concludes that the administrator's interpretation of the plan was incorrect and proceeds to the second step of our abuse of discretion analysis, three additional factors become relevant. One of these (which really involves two separate questions), the factual background of the determination and any inferences of a lack of good faith, may, at least on the question of good faith, require the court to review evidence that was not presented to the administrator. This is especially true because we have instructed district courts to evaluate inferences of lack of good faith on a sliding scale.

*Wildbur v. Arco Chem. Co.*, 974 F.2d 631, 638, 642 (5th Cir. 1992) (permitting the district court to look beyond the administrative record and review the administrator's plan interpretation but not the "historical facts underlying a claim"); *see also Gooden*, 250 F.3d at 333 (noting that the district court may not add to the record except for two limited purposes: admitting evidence relating to how an administrator has interpreted the plan in other instances and admitting evidence that will assist the

2

court in understanding medical terminology). When assessing factual questions, however, the Fifth Circuit has clearly ruled that the district court is limited to the administrative record. *Vega*, 188 F.3d at 299 (noting that "[o]ur motivating concern here is that our procedural rules encourage the parties to resolve their dispute at the administrator's level. If a claimant believes that the district court is a better forum to present his evidence and we permit the claimant to do so, the administrator's review of claims will be circumvented.")

Having reviewed Carol Roy's deposition and having considered the applicable Fifth Circuit law on supplementing the administrative record, this Court shall admit only the portion of Ms. Roy's deposition that states Aetna has in the past awarded disability benefits for fibromyalgia, which the Fifth Circuit jurisprudence clearly permits. Mindful of the limited nature of this exception, the Court shall not consider the remainder of Ms. Roy's testimony. Because Ms. Roy's deposition is admitted in part, this Court need not reach Aetna's alternative motion to remand to the administrator; accordingly,

IT IS ORDERED that Aetna's Motion to Admit Deposition Testimony [doc. 39] is hereby GRANTED insofar as the portion of Ms. Roy's deposition that discusses how she has interpreted the plan in other instances is ADMITTED.

Lake Charles, Louisiana, this 12 day of June, 2008.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3